AO 91 (Rev. 5/85) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 12 2003
O'CLOCK
Lawrence K. Baerman, Clerk Syracuse

# *United States District Court*

NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RYAN N. GITTENS

## CRIMINAL COMPLAINT

CASE NUMBER: 03-M- 225 GLS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 11, 2003 in Onondaga county, in the Northern District of New York defendant did, (Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute and distribute cocaine (crack), a Schedule II controlled substance

in violation of Title 21 United States Code, Section 841(a)(1)

I further state that I am a Deputy U.S. Marshal and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: YES NO

Julie Gossin
Signature of Complainant

Sworn to before me, and subscribed in my presence,

June 12, 2003 at Syracuse, New York
Date City and State

Honorable Gary L. Sharpe
United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT

City of Syracuse )
County of Onondaga ): ss
State of New York )

1. Julie Gossin, being duly sworn, deposes and says, that I am a Deputy U.S. Marshal employed by the United States Marshal Service). I am currently assigned to United States Marshal's Office in Syracuse, New York.

2. On June 11, 2003, members of the Syracuse Police Department, Special Investigations Division, New York State Police ("NYSP"), Onondaga County Sheriff's Department, the United States Marshals Service and the United States Secret Service participated in a joint Weed & Seed anti-narcotics enforcement operation in the City of Syracuse. During this operation, law enforcement officers acting in an undercover capacity attempted to purchase drugs from street level sellers. Upon the completion of these drug transactions, arrest teams moved in to take the offenders into custody and recover any evidence on their persons, such as pre-recorded buy money, drugs or drug paraphernalia. I personally participated in this operation and make this affidavit based upon personal knowledge, review of reports and conversations with participating officers. For purposes of this affidavit, I included

only that evidence which is necessary to establish probable cause to charge the defendant with the alleged violations of law. I have not included every single factual detail.

3. On June 11, 2003, at approximately 6:22 pm, undercover officers were participating in the Weed & Seed operation in the area of the parking lot of the Wilsons Farm Store at 1120 North Salina Street in the City of Syracuse. At that time a male arrived at that location operating a 2000 black Nissan Maxima bearing New York registration BPR-7735. One of the undercover officers walked over to the car and entered the front passenger seat and observed that the driver, later identified as Ryan N. Gittens, had two small children in the backseat with him. Gittens produced a clear plastic bag, which contained two plastic knotted bags, each with a beige chunky substance in them. The bags appeared to the undercover officer to be in the form of crack cocaine and at about the size of an eighth of an ounce. The undercover officer paid Gittens an agreed price of $150 with pre-recorded U.S. currency. After Gittens handed the undercover officer one of the bags, he advised that he had a second one for sale also for $150. The undercover officer advised Gittens that he did not have anymore money and would have to go check with his friend to see if he wanted to purchase it. Once the undercover officer returned to his undercover police vehicle, the surveillance and arrest team was notified that the transaction was complete.

Gittens was then advised by the undercover officer that he would have to get a hold of him later for the other cocaine purchase. Gittens advised that he wasn't going to be "working" later so they had to purchase it now. At that point, the undercover officers began to leave the parking lot as the arrest team moved in and took the defendant into custody. He was positively identified as the person who had just sold suspected cocaine a few minutes earlier.

4. The suspected cocaine was subjected to a field test which proved positive for cocaine and appeared to be in the form of cocaine base (crack). The pre-recorded currency used in the transaction was recovered from the person of the defendant.

5. I believe the foregoing constitutes probable cause that the defendant has violated Title 21 United States Code Section 841 (a)(1); possession with intent to distribute and distribution of cocaine base (crack).

Julie Gossin
Deputy U.S. Marshal

Subscribed and sworn to before me
this 12th day of June, 2003.

Honorable Gary L. Sharpe
United States Magistrate Judge